E-FILED
Tuesday, 28 April, 2020  03:13:41 PM
Clerk, U.S. District Court, ILCD

**THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION**

| | |
|---|---|
| WESLEY McGRUDER,<br><br>        Plaintiff,<br><br>   v.<br><br>CITY OF GALESBURG, a municipal corporation, Galesburg Police Officer ALLISON M. BUCCALO, Galesburg Police Officer KYLE A. WINBIGLER, and JON and JANE DOE GALESBURG POLICE OFFICERS,<br><br>        Defendants. | No.<br><br>*Jury Trial Demanded.* |

## COMPLAINT AT LAW

NOW COMES Plaintiff WESLEY McGRUDER, complaining of the Defendants, Galesburg Police Officer ALLISON M. BUCCALO, Galesburg Police Officer KYLE A. WINBIGLER, JOHN and JANE DOE GALESBURG POLICE OFFICERS (collectively "Individual Officers"),  and CITY OF GALESBURG, a municipal corporation,  and states the following:

## JURSDICTION AND VENUE

1.      This action arises under the Constitution of the United States, particularly the Fourth and Fourteenth Amendments to the Constitution of the United States, under the laws of the United States, particularly the Civil Rights Act, Title 42 of the United States Code, Sections 1983 and 1988, and under the laws of the State of Illinois.

2.      The jurisdiction of this Court is invoked under the provisions of Title 28 of the United States Code, Sections 1331 and 1343. Plaintiff also invokes the

supplemental jurisdiction of this Court pursuant to Title 28 of the United States Code, Section 1367.

3.      This Court has jurisdiction over this action pursuant to Title 28 of the United States Code §§ 1331 and 1367, as Plaintiff asserts claims under federal law and the state law claims arise out of the same facts as the federal claims.  Venue is proper in the United States District Court for the Central District of Illinois under Title 28 of the United States Code, § 1391(b)(2), as the events complained of occurred within this district.

**PARTIES**

4.      At all times relevant herein, Plaintiff WESLEY McGRUDER (hereinafter "Wesley") was a resident of the County of Knox, State of Illinois, and a citizen of the State of Illinois.

5.      Defendant CITY OF GALESBURG is a governmental entity operating within the State of Illinois.  The CITY OF GALESBURG is responsible for the actions of its employees while acting within the scope of their employment.  At all times relevant to this action, CITY OF GALESBURG was the employer of Defendants ALLISON M. BUCCALO, Galesburg Police Officer KYLE A. WINBIGLER, and UNKNOWN GALESBURG POLICE OFFICERS.

6.      Defendant ALLISON M. BUCCALO,  is sued in her individual capacity and was at all times relevant, a sworn police officer employed by Defendant CITY OF GALESBURG, and was acting within the scope of her agency, service and/or employment with the CITY OF GALESBURG and SHERIFF OF COOK COUNTY, and

2

was acting under color of the statutes, ordinances, regulations, customs, and usages of the State of Illinois.

7.      Defendant KYLE A. WINBIGLER  is sued in his individual capacity and was at all times relevant, a sworn Sheriff's police officer employed by Defendant CITY OF GALESBURG, and was acting within the scope of his agency, service and/or employment with the CITY OF GALESBURG, and was acting under color of the statutes, ordinances, regulations, customs, and usages of the State of Illinois.

8.      Defendants JOHN and JANE DOE GALESBURG POLICE OFFICERS are sued in their individual capacities and were at all times relevant, sworn police officers employed by Defendant CITY OF GALESBURG, and were acting within the scope of their agency, service and/or employment with the CITY OF GALESBURG, and was acting under color of the statutes, ordinances, regulations, customs, and usages of the State of Illinois.

## FACTUAL ALLEGATIONS

9.      On April 1, 2018, Jenni McGRUDER was shot and killed outside the Seminary Street Pub in Galesburg, Illinois.

10.      Jenni McGRUDER was the wife of Wesley's cousin, Michael McGRUDER.

11.      Wesley had been at the pub with Michael and Jenni earlier that evening, but had gone home before the shooting.

12.      Wesley received a phone call at home informing him that Jenni had been shot.  He immediately relocated to the crime scene to find out what had happened.

13.     When Wesley arrived at the crime scene, he encountered Defendant WINBIGLER.

14.     Wesley, who worked as a Deputy Sheriff for the Knox County Sheriff's Department, had previously interacted with Defendant WINBIGLER at work.

15.     Defendant WINBIGLER refused to provide any information to Wesley. Wesley and Defendant WINBIGLER engaged in a heated discussion.

16.     Defendant WINBIGLER sprayed mace in Wesley's face.

17.     Wesley left the scene to wash his face, but returned soon afterwards.

18.     When Wesley returned, Defendant WINBIGLER maced him again, even more directly.

19.     While macing Wesley, WINBIGLER stated to Wesley, "You want to lose your job, boy?"

20.     Wesley never interfered with or obstructed any investigation or any officer.

21.     Wesley never touched any officer.

22.     On June 10, 2018, the Galesburg Police Department issued a warrant for Wesley's arrest on charges of resisting and/or obstructing a police officer.  The warrant was based on information provided by Defendants WINBIGLER, BUCCALO, and JOHN and JANE DOE GALESBURG POLICE OFFICERS.

23.     On June 19, 2018, Wesley turned himself in, and was arrested by Defendant BUCCALO.

24.     Wesley's arrest was caused by Defendants WINBIGLER, BUCCALO, and JOHN and JANE DOE GALESBURG POLICE OFFICERS.

25.     Others on the scene of the shooting were more aggressive than Wesley, but were not arrested.  For example, Sara Baker screamed "Fuck you!" and ran at Defendant WINBIGLER, striking him in the chest and jaw. On information and belief, Baker was not arrested or charged with a crime.

26.     Days after Wesley was arrested – and as a result of his arrest –  he was fired from his job as a Deputy Sheriff.

27.     On January 27, 2020, after a trial, Wesley was acquitted by a jury.  It took the jury less than 30 minutes to find Wesley Not Guilty.

## COUNT I – 42 USC § 1983
## FALSE ARREST
## INDIVIDUAL DEFENDANTS

28.     Each paragraph of this Complaint is incorporated as if restated fully herein.

29.     Defendants arrested Wesley and/or caused him to be arrested without probable cause to believe he had committed a crime, in violation of the 4th Amendment to the U.S. Constitution.

30.      At all times relevant, Defendants were acting under color of the statutes, ordinances, regulations, customs, and usages of the State of Illinois, and within the scope of their employment as Galesburg Police Officers

31.     As a proximate cause of Defendants' misconduct, Wesley suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, lost income, and other grievous and continuing injuries and damages.

WHEREFORE, the Plaintiff, WESLEY McGRUDER, prays for judgment against Individual Defendants in a fair and reasonable amount, including compensatory and punitive damages, reasonable attorney's fees and costs, and for any additional relief this Court deems just and proper.

### COUNT  II-- STATE LAW CLAIM
### MALICIOUS PROSECUTION
### CITY OF GALESBURG

32.     Each paragraph of this Complaint is incorporated as if restated fully herein.

33.     In the manner described more fully above, Defendant CITY OF GALESBURG, by and through its agents, the Individual Defendants, accused Wesley of criminal activity and exerted influence to initiate, continue and perpetuate judicial proceedings against Wesley without any probable cause for doing so.

34.     In so doing, Defendant CITY OF GALESBURG, by and through its agents, caused Wesley to be subjected improperly to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury.

35.     The criminal proceedings against Wesley were terminated in a manner in favor of Wesley and indicative of his innocence.

36.     The Individual Defendants' actions were committed under color of law and within the scope of their employment with Defendant CITY OF GALESBURG.

6

37.    As a proximate result of Defendant CITY OF GALESBURG's aforesaid misconduct, Wesley suffered great mental anguish, humiliation, degradation, emotional pain and suffering, lost income, and other grievous and continuing injuries and damages.

WHEREFORE, the Plaintiff, WESLEY McGRUDER, prays for judgment against Defendant CITY OF GALESBURG in a fair and reasonable amount, including compensatory and punitive damages, reasonable attorney's fees and costs, and for any additional relief this Court deems just and proper.

### COUNT III-- STATE LAW CLAIM
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### CITY OF GALESBURG

38.    Each paragraph of this Complaint is incorporated as if restated fully herein.

39.    The aforesaid misconduct by Defendant CITY OF GALESBURG, by and through its agents, by and through its agents, the Individual Defendants, was extreme and outrageous.

40.    In committing the aforesaid misconduct, Defendant CITY OF GALESBURG, by and through its agents, the Individual Defendants, intended to cause or recklessly or consciously disregarded the probability of causing emotional distress;

41.    As a proximate result of the aforesaid misconduct, Wesley suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, lost income, and other grievous and continuing injuries and damages.

WHEREFORE, the Plaintiff, WESLEY McGRUDER, prays for judgment against Defendant CITY OF GALESBURG, in a fair and reasonable amount, including

compensatory and punitive damages, reasonable attorney's fees and costs, and for any additional relief this Court deems just and proper.

<u>**COUNT IV -- STATE LAW CLAIM**</u>
<u>**RESPONDEAT SUPERIOR**</u>
**CITY OF GALESBURG**

42.  Each paragraph of this Complaint is incorporated as if restated fully herein.

43.  In committing the acts alleged in the preceding paragraphs, Individual Defendants were employees and agents of the CITY OF GALESBURG acting at all relevant times within the scope of their employment.

44.  Defendant CITY OF GALESBURG is liable as principal for all torts committed by its agents.

WHEREFORE, the Plaintiff, WESLEY McGRUDER, prays for judgment against Defendant CITY OF GALESBURG in a fair and reasonable amount, including compensatory and punitive damages, reasonable attorney's fees and costs, and for any additional relief this Court deems just and proper.

<u>**COUNT V -- STATE LAW CLAIM**</u>
<u>**INDEMNIFICATION**</u>
**CITY OF GALESBURG**

45.  Each paragraph of this Complaint is incorporated as if restated fully herein.

46.  At all relevant times, CITY OF GALESBURG was the employer of the Individual Defendants.

47.     The Individual Defendants committed the acts alleged above under color of law and in the scope of their employment as employees of the CITY OF GALESBURG.

48.     Illinois law provides that governmental entities are directed to pay any tort judgment for any damages for which employees are liable within the scope of their employment activities.

WHEREFORE, should Individual Defendants be found liable on one or more of the claims set forth above, the Plaintiff, WESLEY McGRUDER, demands that, pursuant to Illinois law, Defendant CITY OF GALESBURG be found liable for any judgment plaintiff obtains against Individual Defendants, as well as attorney's fees and costs awarded, and for any additional relief this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

**DATED:**   April 28, 2020

Respectfully submitted,

By:     /s/ Jordan Marsh
Attorney for Plaintiff

**LAW OFFICE OF JORDAN MARSH**
55 East Monroe Street, Suite 3800
Chicago, IL 60603
(312) 401-5510
jordan@jmarshlaw.com
Atty # 6216489 (IL)