UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| WESLEY MCGRUDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:20-cv-04102-SLD-JEH |
| | ) |
| CITY OF GALESBURG, KYLE A. | ) |
| WINBIGLER, ALLISON M. BUCCALO, | ) |
| and JOHN and JANE DOE GALESBURG | ) |
| POLICE OFFICERS, | ) |
| | ) |
| Defendants. | ) |

ORDER

Before the Court is Defendant City of Galesburg's ("the City") Motion to Dismiss Count IV and to Strike Prayer for Punitive Damages Against the City, ECF No. 7. For the following reasons, the motion is GRANTED.

**BACKGROUND[1]**

On the evening of April 1, 2018, Plaintiff Wesley McGruder, his cousin Michael McGruder, and Michael's wife Jenni McGruder went to the Seminary Street Pub in Galesburg, Illinois. After Plaintiff went home, Jenni was shot and killed outside the pub. When Plaintiff received a phone call informing him of the shooting, he immediately returned to the scene to find out what had happened. Upon arriving, he encountered Defendant Kyle Winbigler, a police officer for the City, whom Plaintiff knew from his work as Deputy Sheriff for the Knox County Sheriff's Department. Winbigler refused to provide Plaintiff with any information, and a heated discussion ensued. Although Plaintiff did not obstruct the investigation or touch any officer,

---

[1] At the motion to dismiss stage, the court "accept[s] as true all well-pleaded facts in the complaint, and draw[s] all reasonable inferences in [the plaintiff's] favor." *Pierce v. Zoetis, Inc.*, 818 F.3d 274, 277 (7th Cir. 2016). Thus, the factual background is drawn from the complaint, ECF No 1.

Winbigler sprayed mace in Plaintiff's face twice and said, "You want to lose your job, boy?" Compl. ¶ 19, ECF No. 1.

On June 10, 2018, the Galesburg Police Department issued a warrant for Plaintiff's arrest on charges of resisting and/or obstructing a police officer, based on information provided by Winbigler, Defendant Allison Buccalo, and other unknown Galesburg police officers. Plaintiff turned himself in and was arrested by Buccalo on June 19, 2018. As a result of his arrest, Plaintiff was fired from his job as Deputy Sheriff.

Plaintiff was acquitted of the charges by a jury on January 27, 2020. He filed this suit on April 28, 2020. Compl. In his complaint, he brings a 42 U.S.C. § 1983 claim for false arrest against the individual Defendants, *id*. ¶¶ 28–31, and, against the City, a state law claim for malicious prosecution, *id*. ¶¶ 32–37, a state law claim for intentional infliction of emotional distress, *id*. ¶¶ 38–41, a state law *respondeat superior* claim, *id*. ¶¶ 42–44, and a state law indemnification claim, *id*. ¶¶ 45–48. As relevant here, the malicious prosecution, intentional infliction of emotional distress, and *respondeat superior* claims request the assessment of punitive damages against the City. *Id*. at 6–8. The instant motion followed.

## DISCUSSION

### I. Legal Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While "detailed factual allegations are unnecessary, the complaint must have 'enough facts to state a claim to relief that is plausible on its face.'" *Pierce v. Zoetis, Inc.*, 818 F.3d 274, 277–78 (7th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When deciding on a motion to dismiss, "[t]he complaint's well-pleaded factual allegations, though not its legal conclusions, are assumed to be true," *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019 (7th Cir. 2013), and the court must also "draw all inferences in the light most favorable to the nonmoving party," *Vesely v. Armslist LLC*, 762 F.3d 661, 664 (7th Cir. 2014).

**II.   Analysis**

The City moves to dismiss Count IV of the Complaint and to strike all prayers for punitive damages against the City. Def.'s Mot. Dismiss 1. As of this date, Plaintiff has not responded to the motion. Under the Local Rules of this district, "[i]f no response is timely filed [to a motion to dismiss], the presiding judge will presume there is no opposition to the motion and may rule without further notice to the parties." CDIL-LR 7.1(B)(2). Because Plaintiff has not filed a response in opposition, "[i]t would be within this Court's power to summarily grant Defendant's Motion to Dismiss." *Grider v. Parkinson*, No. 12-cv-2225, 2013 WL 453464, at *1 (C.D. Ill. Feb. 6, 2013). Nonetheless, in the interest of completeness, the Court will briefly address the City's arguments on the merits.

Count IV is a *respondeat superior* claim against the City. Compl. ¶¶ 42–44. The City argues that this claim must be dismissed because the only claim brought in the Complaint against the City's agents—the individual Defendants—is Count I's §1983 claim, for which *respondeat superior* liability simply is not available. Def.'s Mot. Dismiss 1. The Supreme Court has made it clear that "the doctrine of *respondeat superior* is not a basis for rendering municipalities liable under § 1983 for the constitutional torts of their employees." *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 663 n.7 (1978); *see also Ruiz-Cortez v. City of Chicago*, 931 F.3d 592, 598 (7th Cir. 2019) ("There is no respondeat superior liability for municipalities under 42

U.S.C. § 1983."). Because Plaintiff brings only a § 1983 claim against the individual Defendants, and all other claims are brought against the City itself, *respondeat superior* liability is not available in this case. The City's motion to dismiss Count IV is therefore granted.

In Counts II, III, and IV, Plaintiff asks the Court to award punitive damages against the City. Compl. 7–8. The City moves to strike the prayer for punitive damages in Count III, the claim for intentional infliction of emotional distress, on the grounds that punitive damages are not available for that cause of action, and it seeks to strike the prayer for punitive damages in all three counts because Illinois law bars the recovery of punitive damages from the City for claims brought under state law. Def.'s Mot. Dismiss 2.

As "[p]unitive damages are not available for intentional infliction of emotional distress" in Illinois, *Frazier v. Harris*, 266 F. Supp. 2d 853, 873 (C.D. Ill. 2003) (citing *Knierim v. Izzo*, 174 N.E.2d 157, 165 (Ill. 1961)), the prayer for punitive damages in Count III cannot survive. And the Illinois Local Governmental and Governmental Employees Tort Immunity Act provides that "a local public entity is not liable to pay punitive . . . damages in any action brought directly or indirectly against it by the injured party . . . ." 745 ILCS 10/2-102; *see also Wallace v. City of Washington*, No. 14-cv-1457, 2015 WL 1743390, at *3 (C.D. Ill. Apr. 14, 2015) (finding that 745 ILCS 10/2-102 barred the recovery of punitive damages from an Illinois city for a claim based on Illinois law). All three claims at issue were brought under state law. The Court thus grants the City's motion to strike the prayers for punitive damages in Counts II, III, and IV.

## CONCLUSION

For the foregoing reasons, Defendant City of Galesburg's Motion to Dismiss Count IV and to Strike Prayer for Punitive Damages Against the City, ECF No. 7, is GRANTED. Count IV is dismissed, and the prayers for punitive damages against the City are stricken.

Entered this 5th day of February, 2021.

                                                s/ Sara Darrow
                                                SARA DARROW
                                  CHIEF UNITED STATES DISTRICT JUDGE